**Osvaldo LUGO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21295.**

United States Court of Appeals
Ninth Circuit.

Jan. 9, 1967.

Rehearing Denied Feb. 14, 1967.

Calvin W. Torrance, Alhambra, Cal., for appellant.

Edwin L. Miller, U. S. Atty., Mobley M. Milam, Chief Asst. U. S. Atty., Phil-lip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

PER CURIAM:

Appellant was originally indicted in May of 1965 on three counts of smuggling heroin into the United States. He entered a plea of guilty to Count III, importation of a narcotic drug (i. e., heroin), after failure to register and pay a tax on it as a medical drug. (26 U.S.C. §§ 4702(a), 4721, 4724.)

Petitioner received a three year sentence which was suspended, and he was placed on probation for three years. The terms of that probation are here important. It was on condition, among others, (a) that he obey all federal, state and municipal laws; (b) that he comply with all regulations of the probation department; (c) that he not use barbiturates, marijuana or narcotics; (d) that he not associate with known users or dealers in narcotics, marijuana or barbiturates; (e) and that he not enter Mexico nor approach the Mexican border.

On January 26, 1966, the appellant was indicted for alleged offenses involving the illegal importation of narcotics into the United States from Mexico occurring prior to and on September 13, 1965, and the possession of narcotics in the United States on September 13 and 14, 1965. (See the companion case of Lugo v. United States, 370 F.2d 992 (9th Cir. 1966), decided January 9th, 1967 (No. 36,120 in the United States District Court for the Southern District of California, Southern Division.)

On March 11, 1966, the court had a hearing on an order to show cause why appellant's probation, granted in May of 1965, should not be revoked. It was revoked, and appellant's original three-year sentence was imposed.

This is an appeal from such revocation and probation and reimposition of sentence.

The record of the hearing is before us. (R.T. pp. 3–20.) The district court

judge had heard the testimony on Lugo's second trial in district court case No. 36,120. The court held the testimony disclosed (a) the appellant had stated in the presence of officers that he intended to "score"; and had discussed obtaining narcotics; (b) that the appellant had associated with a known user of narcotics, one de la Rosa; (c) that the appellant had narcotics in his possession, at least for a short time, prior to his arrest.

This testimony, if believed by the trial judge (and he stated he did believe it) was amply sufficient cause to revoke probation, and constitutes a violation of probation terms. Our affirmance of the appeal in the San Diego, California, United States District Court, case No. 36,120 (No. 21,162 in this court), confirms the violation.

The order revoking probation and imposing the original three-year sentence is affirmed.